IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMBER J. WILLIAMS, | CV 20-00023-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| CANDICE OSTERMAN, et al., | |
| Defendants. | |

Plaintiff Amber Williams filed a motion to proceed in forma pauperis (Doc. 1) and a proposed Complaint (Doc. 2). She alleges Defendants violated her constitutional when they interfered with her custody of her four minor children. The motion to proceed in forma pauperis will be granted and Defendants Osterman, McVey, Jake Westerhold, AYA Youth Dynamics Group Home and their staff members Chris and Kevin; Probation Officer Deanna Lougee; Acadia Montana Group Home Facility and its therapist Jennifer Hedke and staff member Heather C.; Castle Pines Group Home; and Terry Murray must respond to the Complaint. Defendants Brittany Turner; Shodair Children's Hospital, Provo Canyon School, Karen Kane, Carmen Underwood, Judge Seeley, and Jolene and Landon Van Vulkensburg will be recommended for dismissal.

## I. CHILDREN'S COMPLAINTS

In addition to her own Complaint, Ms. Williams submitted four Complaints

1

in the names of her minor children.  Those Complaints have been attached to Ms.

Williams's Complaint and filed under seal due to the privacy interests of the minor

children.  It is Ms. Williams's position that she represents her minor children H.R.

A.R., N.R., and N.M. in the Complaints filed in those children's names.  Minor

children may appear in federal court only by and through a guardian or

representative and may not to do in their own behalf.  *See* Fed. R. Civ. P. 17(c).

However, in order to serve as another party's legal representative, a person must be

licensed to practice law.  *See Johns v. County of San Diego*, 114 F.3d 874, 876-877

(9th Cir. 1997) (citations omitted).  A non-attorney guardian may bring an action

on behalf of a minor child or an incapacitated party, but that guardian must first

retain a licensed legal representative.  *See id.*

Ms. Williams is not licensed to practice law in Montana.  Because H.R,

A.R., N.M., and N.R. are unrepresented by an attorney and lack capacity to

represent themselves, their claims should be dismissed without prejudice and they

should be dismissed without prejudice as parties to this action.  Such disposition

should not be construed as barring Ms. Williams from seeking to join H.R., A.R.,

N.M., and N.R. as co-plaintiffs should she retain licensed legal counsel to represent

them.

## II.  MOTION TO PROCEED IN FORMA PAUPERIS

Ms. Williams's motion to proceed in forma pauperis is sufficient to make the

showing required by 28 U.S.C. §1915(a).  (Doc. 1.)  The request to proceed in

forma pauperis will be granted.  28 U.S.C. § 1915(a).

## III.  STATEMENT OF THE CASE

### A.    Parties

Ms. Williams is proceeding without counsel.  She names the following

Defendants:  Department of Family Services Child Protection Specialists Candice

Osterman, Emily McVey, Jake Westerhold, and Brittany Turner; AYA Youth

Dynamics Group Home and their staff members Chris and Kevin; Shodair

Children's Hospital; Judge Kathy Seeley; Probation Officer Deanna Lougee;

Acadia Montana Group Home Facility and its therapist Jennifer Hedke and staff

member Heather C.; Castle Pines Group Home; Terry Murray, a therapist at

Cornerstone Counseling; foster parents Jolene and Landon VanVulkensburg;

Provo Canyon School; and lawyers Karen Kane and Carmen Underwood.

### B.  Allegations

Ms. Williams alleges she has been deprived of her civil rights by tortious

intervention of her parent/child relationships, enslavement by a government entity,

terrorism by a government entity, interference of civil and constitutional rights,

violations of parenting rights, robbery by a government entity, and parental

alienation.  (Complaint, Doc. 2 at 13.)

## III.  SCREENING PURSUANT TO 28 U.S.C. § 1915

### A.  Standard

Because Ms. Williams is proceeding in forma pauperis, the Court must review her Complaint under 28 U.S.C. § 1915.  Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); cf. Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B.  Analysis

#### 1.  Claims to be Served

The Court has considered whether Ms. Williams's claims against

Defendants Osterman, McVey, Westerhold, AYA Youth Dynamics Group Home
and their staff members Chris and Kevin; Probation Officer Deanna Lougee;
Acadia Montana Group Home Facility and its therapist Jennifer Hedke and staff
member Heather C.; Castle Pines Group Home; and Terry Murray are frivolous,
malicious, fail to state a claim, or seek solely monetary relief from a defendant
who is immune.  *See* 28 U.S.C. § 1915(e)(2), 1915A(b).  Dismissal is not
appropriate at this time.  These Defendants must respond to the Complaint.  *See* 42
U.S.C. § 1997e(g)(2).

### 2.  Defendants Against Whom No Allegations Have Been Made

Mr. Williams has listed the following as Defendants but provided no
substantive allegations against them in the body of the Complaint:  Brittany
Turner; Shodair Children's Hospital, Provo Canyon School, Karen Kane, and
Carmen Underwood.  These Defendants should be dismissed without prejudice.
Should Ms. Williams have factual allegations sufficient to state a claim against
these Defendants she may submit an amended complaint.

### 3.  Judicial Immunity

Judges are absolutely immune from § 1983 suits for damages for their
judicial acts, except when they are taken "in the 'clear absence of all jurisdiction.'"
*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (*quoting Bradley v. Fisher*, 80
U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure, *see Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Ms. Williams's allegations against Judge Seeley pertain only to her rulings regarding Ms. Williams's custody cases. Judge Seeley is absolutely immune for such acts and should be dismissed from this case.

### 4. Foster Parents

Ms. Williams seeks to hold foster parents Jolene and Landon Van Vulkensburg liable because they only allowed AR and Ms. Williams a single one-hour phone call then she was never to speak with AR again. (Doc. 2 at 25.) "Traditionally, the requirements for relief under section 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *see also Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (Section 1983 plaintiffs are required to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal

statutes"). A plaintiff generally cannot sue a private person under § 1983. *See*

*generally Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th

Cir. 2011) (noting that courts "start with the presumption that conduct by private

actors is not state action").

The Ninth Circuit has recognized four tests for determining when private

conduct constitutes government action for purposes of a Section 1983 claim: "(1)

public function, (2) joint action, (3) governmental compulsion or coercion, and (4)

governmental nexus." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d

826, 836 (9th Cir. 1999)(citations omitted). As to all four of the recognized tests, it

is clear that "there is no specific formula for defining state action." *Id., quoting*

*Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983).

Neither the Supreme Court nor the Ninth Circuit has held that merely

serving as a foster parent/family transforms a private party from a state actor for

purposes of section 1983. Rather, the Ninth Circuit has held in an unpublished

decision that "[m]erely serving as a foster parent does not transform a private party

into a state actor." *Ismail v. County of Orange*, 693 Fed.Appx. 507, 512 (9th Cir.

2017) (citations omitted), *cert. denied* 138 S.Ct. 1329 (Mar. 26, 2018). Other

circuits that have confronted the issue have also determined that being appointed as

a foster parent/family does not make a private party a state actor. *See United*

*States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster parents are

generally not considered agents of the state."); *Leshko v. Servis*, 423 F.3d 337, 347 (3rd Cir. 2005) (foster parents are not state actors under section 1983); *Rayburn ex. Rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) (same); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[H]arm suffered by a child at the hands of his foster parents is not harm inflicted by state agents."); *K. H. through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990).

The Court agrees that merely serving as a foster parent does not constitute government action for purposes of a Section 1983 claim. Parenting children is not an exclusively or primarily public function, foster parents do not raise children jointly with the state, governmental compulsion is not at issue in a foster parent-child relationship, and the nexus between foster parents and the state is too attenuated and indirect to give rise to state-actor status. *See Sutton*, 192 F.3d at 836.

As a matter of law Ms. Williams cannot establish that these foster parent defendants acted under color of state law. As such, she cannot prevail on any Section 1983 claim against Defendants Jolene and Landon VanVulkensburg and they should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Ms. Williams's Motion to Proceed in Forma Pauperis (Doc. 1) is

GRANTED.  The Clerk shall edit the text of the docket entry for the Complaint

(Doc. 2) to remove the word "LODGED."  The Complaint is deemed filed on

March 26, 2020.

2.  Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendants Osterman,

McVey, Westerhold, AYA Youth Dynamics Group Home and their staff members

Chris and Kevin; Probation Officer Deanna Lougee; Acadia Montana Group Home

Facility and its therapist Jennifer Hedke and staff member Heather C.; Castle Pines

Group Home; and Terry Murray to waive service of summons of the Complaint by

executing, or having counsel execute, the Waiver of Service of Summons.  The

Waiver must be returned to the Court within 30 days of the entry date of this

Order.  If Defendants choose to return the Waiver of Service of Summons, their

answer or appropriate motion will be due within 60 days of the date of this Order

pursuant to Fed.R.Civ.P. 12(a)(1)(A)(ii).  *See also* 42 U.S.C. § 1997e(g)(2).

3.  The Clerk of Court shall mail the following documents to Defendants

Osterman, McVey, Westerhold, AYA Youth Dynamics Group Home and their

staff members Chris and Kevin; Probation Officer Deanna Lougee; Acadia

Montana Group Home Facility and its therapist Jennifer Hedke and staff member

Heather C.; Castle Pines Group Home; and Terry Murray at the addresses listed in

the Complaint.

*  Complaint (Doc. 2 without the sealed attachments);

\* this Order;

\*  a Notice of Lawsuit & Request to Waive Service of Summons; and

\* a Waiver of Service of Summons.

4.   Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

5.  Ms. Williams <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

6.  Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

7.  At all times during the pendency of this action, Ms. Williams must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P.  41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1.  The Complaints submitted on behalf of Ms. Williams's minor children (Docs. 2-1, 2-2, 2-3, 2-4) shall remain SEALED and claims raised therein should be DISMISSED WITHOUT PREJUDICE and they should be DISMISSED WITHOUT PREJUDICE as parties to this action.

2.  Defendants Brittany Turner; Shodair Children's Hospital, Provo Canyon School, Karen Kane, and Carmen Underwood should be DISMISSED WITHOUT PREJUDICE based upon Ms. Williams's failure to raise substantive allegations against these Defendants in the Complaint.

3.  Judge Seeley should be DISMISSED based upon absolute judicial immunity.

4.  Defendants Jolene and Landon VanVulkensburg should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Ms. Williams may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Ms. Williams is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 14th day of July, 2020.


 /s/ John Johnston
John Johnston
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMBER J. WILLIAMS, | CV 20-00023-H-DLC-JTJ |
| Plaintiff, | |
| vs. | RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |
| CANDICE OSTERMAN, et al., | |
| Defendants. | |

TO:   Candice Osterman, Emily McVey, Jake Westerhold, AYA Youth Dynamics Group Home and their staff members Chris and Kevin; Probation Officer Deanna Lougee; Acadia Montana Group Home Facility and its therapist Jennifer Hedke and staff member Heather C.; Castle Pines Group Home; and Terry Murray

A lawsuit has been filed against you under the number shown above.  A copy of the Complaint (Doc. 2) is attached.  This is not a summons or an official notice from the court.  It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if you were served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent to answer the Complaint.  If

1

you do not return the signed waiver within the time indicated, the Court will order

the U.S.  Marshals Service to personally serve the summons and Complaint on

Defendants and may impose the full costs of such service.  Please read the

statement below about the duty to avoid unnecessary expenses.

DATED this 14th day of July, 2020.


 /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMBER J. WILLIAMS, | CV 20-00023-H-DLC-JTJ |
| Plaintiff, | |
| vs. | |
| CANDICE OSTERMAN, et al., | RULE 4 WAVIER OF SERVICE OF SUMMONS |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaint (Doc. 2).  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.  Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to do so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)