IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMBER J. WILLIAMS,<br><br>    Plaintiff,<br><br>vs.<br><br>CANDICE OSTERMAN, et al.,<br><br>    Defendants. | CV 20–23–H–DLC<br><br>ORDER |

  Before the Court is the Findings & Recommendations of United States Magistrate Judge John Johnston. (Doc. 7.) Judge Johnston recommends dismissing several defendants from this case on various grounds. Additionally, he recommends dismissing four complaints that Williams attached to her own and submitted in the names of her minor children. Williams does not object.

  Absent objection, the Court reviews Judge Johnston's findings and recommendations for clear error. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Taking each of Judge Johnston's findings and corresponding recommendations in turn, the Court finds no clear error and adopts them in full.

First, Judge Johnston recommends dismissing the four complaints Williams attached to her own, which she filed on behalf of her minor children. (*See* Docs. 2-1, 2-2, 2-3, 2-4.) A non-lawyer "has no authority to appear as an attorney for others than [her]self." *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). The Ninth Circuit has held this rule to apply equally to parents: "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

Because Williams is not a licensed attorney in Montana, the Court agrees that dismissal of the four complaints she filed on behalf of her children should be dismissed. However, as both the *Johns* Court and Judge Johnston note, parents in Williams' position are not without recourse. *See Johns*, 114 F.3d at 877 (stating that a court should not foreclose a parent's opportunity to secure an attorney at some time later within the limitations period). Because the Court dismisses the complaints (Docs. 2-1, 2-2, 2-3, 2-4) without prejudice, Williams may join her children as co-plaintiffs should she retain legal counsel to represent them.

Second, after reviewing Williams' affidavit (Doc. 2 at 14–29), the Court agrees that several named defendants should be dismissed without prejudice, as Williams makes no substantive allegations against them. Instead, it appears that Defendants Brittany Turner, Shodair Children's Hospital, Provo Canyon School, Karen Kane, and Carmen Underwood are relevant to Williams' children's claims,

rather than her own. (*See* SEALED Docs. 2-2, 2-3, 2-4.) As already explained, Williams may retain legal counsel to represent her children against these defendants. As it stands, though, Williams' complaint is devoid of factual allegations against them. Accordingly, the Court finds no clear error in Judge Johnston's recommendation to dismiss these defendants without prejudice.

Third, no error exists in Judge Johnston's recommendation to dismiss Judge Seeley based on judicial immunity. Williams alleges that Judge Seeley relied on irrelevant and flawed evidence to improperly order the removal of her (Williams') youngest child. (Doc. 2 at 21–22.) A defendant judge is immune from suit "for their judicial acts, even when such acts are . . . alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (citation omitted). Judge Seeley's order of removal constituted a judicial act. *See id.* at 362 (explaining that an act by a judge is "judicial" when the parties deal with the judge in her judicial capacity). The Court agrees that judicial immunity precludes Williams' claims against Judge Seeley and that she should be dismissed from this case.

Fourth and finally, the Court turns to Judge Johnston's recommendation to dismiss Williams' 42 U.S.C. § 1983 claim against foster parents Jolene and Landon Van Vulkensburg. As Judge Johnston's findings summarize, Williams seeks to hold the Van Vulkensburgs liable for restricting her access to one of her

children. (Doc. 2 at 25.) Judge Johnston concluded that, because the Van Vulkensburgs' service as foster parents did not constitute "government action," § 1983 liability cannot lie against them. (Doc. 7 at 8.)

"While generally not applicable to private parties, a § 1983 action can lie against a private party when he is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). To determine whether a person is subject to suit under § 1983, a court must determine whether "the alleged infringement of federal rights [is] fairly attributable to the [government] [.]" *Id.* (citation omitted). "What is fairly attributable [state action] is a matter of normative judgment, and the criteria lack rigid simplicity." *Id.* (citation omitted).

Because private parties could otherwise face § 1983 litigation "whenever they seek to rely on some . . . rule governing their interactions with the community surrounding them," courts must "start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (citations omitted). To that end, "something more" must be present for private conduct to constitute governmental action. *Id.* That is, plaintiff must "establish some other nexus to make it fair to attribute liability to the private entity." *Id.* at 841. Relevant here and as Judge Johnston found, the Ninth Circuit agreed—albeit in an unpublished decision—with

other circuits that "[m]erely serving as a foster parent does not transform a private party into a state actor." *Ismail v. Cty. of Orange*, 693 F. Appx. 507, 512 (9th Cir. 2017) (collecting cases).

The question, then, is whether "something more" than merely foster-parenting occurred when the Van Vulkensburgs allowed Williams and her child "one 1-hour phone call[,] then [Williams] was never to speak with [her child] again." (Doc. 2 at 25.) When Williams asked the supervising Child Protection Specialist about the Van Vulkensburgs' restriction, she replied that "she was not going to force the foster caregivers to follow the reunification process with [Williams]." (*Id.*) She went on to explain that, "[s]he didn't want to make them . . . uncomfortable." (*Id.*)

While a somewhat close call, the Court ultimately agrees with Judge Johnston's determination that the Van Vulkensburgs' conduct failed to amount to governmental action. The nexus sufficient to make it fair to attribute § 1983 liability to a private party typically consists of state participation through: "conspiratorial agreement[], official cooperation with the private entity to achieve the private entity's goal[], or enforcement and ratification of the private entity's chosen action[] [.]" *Sutton*, 192 F.3d at 841. Bearing in mind the presumption against characterizing private conduct as governmental action, *id.* at 835, the Court

finds nothing in the Complaint to establish that "something more" occurred beyond foster parents making decisions for the well-being of their household.

Furthermore, that the Child Protection Specialist refused to address Williams' concerns with the Van Vulkensburgs does not, in the Court's view, rise to the level of "enforcement or ratification of [their] chosen action." *See Sutton*, 840–41 (*citing Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 177 (1972) (holding private defendant liable when it sought the state's help to enforce the defendant's own racially discriminatory bylaws)). Instead, it appears that the Van Vulkensburgs simply limited Williams' ability to contact her child while the child lived with them. Without something more alleged, the Court cannot transform this private decision into government action. Therefore, Judge Johnston's recommendation to dismiss the Van Vulkensburgs from this case is not clearly erroneous.

Accordingly, IT IS ORDERED that the Court ADOPTS Judge Johnston's Findings and Recommendations (Doc. 7) IN FULL. Consequently, IT IS ORDERED that:

(1) The Complaints submitted on behalf of Williams' minor children (Docs. 2-1, 2-2, 2-3, 2-4) shall remain SEALED, and claims raised therein are DISMISSED WITHOUT PREJUDICE. Furthermore, Williams' minor children are DISMISSED WITHOUT PREJUDICE as parties to this case.

(2)  Defendants Brittany Turner, Shodair Children's Hospital, Provo Canyon School, Karen Kane, and Carmen Underwood are DISMISSED WITHOUT PREJUDICE.

(3)  Judge Seeley is DISMISSED.

(4)  Defendants Jolene and Landon Van Vulkensburg are DISMISSED.

DATED this 4th day of August, 2020.

_____
Dana L. Christensen, District Judge
United States District Court