IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| AMBER J. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>CANDICE OSTERMAN, et al.,<br><br>Defendants. | CV 20-23-H-DLC-JTJ<br><br>ORDER |

## INTRODUCTION

Plaintiff Amber Williams (Williams) has brought this lawsuit against numerous individuals and organizational defendants. Williams alleges that the Defendants violated her constitutional rights in contravention of 42 U.S.C. § 1983 by interfering with her custody of her four minor children. Williams is proceeding *in forma pauperis* without the assistance of counsel.

Presently before the Court are the following motions:

1. The Motion to Dismiss filed by Defendants Arcadia Montana and Jennifer Hedke (Doc. 36);

3. Defendant AWARE, Inc.'s Motion to Dismiss (Doc. 39);

4. Williams's Motion for Appointment of Counsel (Doc. 64);

5. The Motion for a More Definite Statement filed by Defendants Jake Westerhold, Deana Lougee, Emily McVey, and Candice Osterman (Doc. 66);

6. Karen Galvin's Motion for a More Definite Statement (Doc. 69); and

7. The Motion for a More Definite Statement filed by AYA Youth Dynamics Dynamics Group Home (AYA), and Kevin Hansen (Doc. 81).

## BACKGROUND

Williams filed this lawsuit on March 26, 2020. (Doc. 2). Defendants AWARE, Inc., Acardia Montana, and Jennifer Hedke appeared and filed motions for more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Docs. 19, 22). The Court granted the motions. (Doc. 28). The Court ordered Williams to file an amended complaint on or before November 16, 2020. (Doc. 28 at 9). Williams did not comply with the Court's Order.

Defendants AWARE, Inc., Arcadia Montana, and Jennifer Hedke subsequently moved to dismiss the claims against them based on Williams's failure to comply with the Court's Order. (Docs. 36, 39). Williams did not respond to the motions. The Court then set a hearing on the motions to dismiss and warned Williams that if she did not appear at the hearing as ordered, the Court would recommend that the motions be granted and that all claims against AWARE, Inc., Arcadia Montana, and Jennifer Hedke be dismissed. (Doc. 44).

The Court also ordered Williams to have service effectuated on all of the unserved Defendants or inform the Court that she needed the United States

Marshal's Service (USMS) to complete service. (Doc. 43). Williams informed the Court that she needed the USMS to serve the 8 remaining unserved defendants. (Docs. 47, 48, 49, 50, 51, 52, 53, 54). The Court ordered the USMS to serve the unserved defendants. (Doc. 56 at 3-5). The Court postponed the hearing on the motions to dismiss until the USMS had a chance to serve the remaining unserved defendants. (Doc. 56 at 5).

Defendants Deanna Lougee, Emily McVey, Candice Osterman, Jake Westerhold, and Karen Galvin filed motions for a more definite statement on August 16, 2021. (Docs. 66, 69). Defendants (AYA) and Kevin Hansen filed a motion for a more definite statement on October 8, 2021. (Doc. 81). Williams filed responses to the motions on October 21, 2021. (Docs. 84, 85, 86, 87, 88, 89, 90, 91). The Court has reviewed and considered all of the motions.

## DISCUSSION

A.  **Motion for Appointment of Counsel**

An indigent plaintiff does not have a constitutional right to court-appointed counsel in a civil lawsuit. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *partially overruled on other grounds*, 154 F.3d 952, 962 (9th Cir. 1998). Federal courts are therefore not required to appoint a lawyer to represent an indigent plaintiff in a civil lawsuit. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Federal courts do have the discretion, however, to "request" that a lawyer represent an indigent plaintiff upon a showing of exceptional circumstances. 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Exceptional circumstances exist only if the court determines that the plaintiff is likely to succeed on the merits, and that the plaintiff is incapable of articulating her claims in light of the complexity of the legal issues involved in the case. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court agrees that any *pro se* litigant would be better served with the assistance of counsel. *Rand*, 113 F.3d at 1525. However, so long as a *pro se* litigant is able to articulate her claims in light of the relative complexity of the legal issues involved, the exceptional circumstances which might require the appointment of counsel do not exist. *Id.*

Here, Williams has made no showing of exceptional circumstances that would require the appointment of counsel in this case. Williams has not demonstrated a likelihood of success on the merits, nor has Williams has shown an inability to articulate her claims *pro se*. Williams's motion will therefore be denied.

The Court, however, advises Williams that the United States District Court for the District of Montana has a website that identifies cases in which the plaintiff

has requested the appointment of counsel. Although the Court is denying Williams's motion for appointment of counsel, it will list her case on the Court's website as a case in which a request for appointment of counsel has been made. Should any attorney contact the Court indicating an interest in representing Williams in this matter, the Court will make the appointment. If Williams objects to having her case listed on the Court's website, she should immediately notify the Court.

### B.   Motions for a More Definite Statement

All of the motions for a more definite statement filed by the Defendants are well taken. The Statement of Claim(s) section in Williams's Complaint contains a list of claims against all of the Defendants. (Doc. 2 at 13). The Complaint, however, does not identify the claims that apply to each particular Defendant.

Williams has filed a lengthy 16-page affidavit that purports to alleged supporting facts for her claims. (Doc. 2 at 14-29). Williams has also attempted to present supporting facts in her responses to the Defendants' motions for a more definite statement. (Docs. 84, 85, 86, 87, 88, 89, 90, 91). However, even with these additional filings it is not possible to identify the claims that Williams has asserted against each particular Defendant, and it is not possible to determine the factual basis for each claim. Accordingly, the Defendants' motions for a more

definite statement will be granted.

Williams must file an amended complaint that complies with Federal Rule of Civil Procedure 8. The amended complaint must be retyped or rewritten in its entirety on the court-approved form. Williams may not incorporate any part of her original complaint or any previously filed document by reference.

Williams is advised that once she files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in this case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Williams may not change the nature of this lawsuit by adding new, unrelated claims in her amended complaint. Williams may not assert claims against any of the Defendants who have been previously dismissed from this lawsuit. (See Docs. 8 at 7; Doc. 80 at 2).

The amended complaint must contain the following information:

1. The amended complaint must describe the specific claim(s) that are being asserted against each defendant;

2. The amended complaint must contain a short, plain statement of the facts that support each claim against each defendant; and

3. The amended complaint must describe the injury that was suffered as a result of each defendant's alleged misconduct.

Fed. R. Civ. P. 8.

Williams must repeat this process for each defendant. When a lawsuit involves numerous defendants and claims, a shotgun pleading approach referring generally to all defendants is not sufficient. *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996). Instead, a plaintiff must identify the claims that apply to each particular defendant, and provide a factual basis for each claim. *Id.*

### C. Motions to Dismiss

Given that the Court finds it appropriate to give Williams one final opportunity to file an Amended Complaint, the Court will deny the Defendants' motions to dismiss without prejudice.

Accordingly, IT IS HEREBY ORDERED:

1. Williams's Motion for Appointment of Counsel (Doc. 64) is DENIED. The Clerk of Court shall direct the Court's Pro Bono Coordinator to list Williams's case on the list of Pro Bono Opportunities on the Court's website.

2. Defendants' Motions for a More Definite Statement (Docs. 66, 69, 81) are GRANTED. Williams must file an Amended Complaint on or before November 12, 2021. Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Williams is advised that if she fails to timely comply with this Order, the Court will recommend that all claims against all of the Defendants be dismissed.

3.   Defendants' Motions to Dismiss (Docs. 36, 39) are DENIED without prejudice to renewal.

DATED this 28th day of October, 2021.

                                                             John Johnston
                                                            United States Magistrate Judge